**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Dexter Wood,**

**Plaintiff,**

**-against-**

**Andrew Lambaro, et al.,**

**Defendants.**

**1:26-cv-05029 (RA) (SDA)**

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Plaintiff has submitted an application for the Court to request *pro bono* counsel to represent him. (ECF No. 5.) The *in forma pauperis* statute provides that the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In civil cases, unlike in criminal cases, there is no requirement that courts supply indigent litigants with counsel. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, courts have "[b]road discretion" when deciding whether to grant an indigent litigant's request for representation. *Id*. If a court believes that a litigant should have a lawyer, however, a court has no authority to "appoint" counsel, but instead may only "request" that an attorney volunteer to represent a litigant. *See Mallard v. US. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989).

The factors to be considered in ruling on an indigent litigant's motion for *pro bono* counsel include the merits of the case, the litigant's efforts to obtain a lawyer, and the litigant's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge*, 802 F.2d at 60-62. Of these, the merits "command[] the most attention." *Cooper*, 877 F.2d at 172.

Because it is too early in the proceedings to evaluate the merits of Plaintiff's claims, *pro bono* counsel is not warranted at this time. Accordingly, the Court denies Plaintiff's application for the Court to request *pro bono* counsel (ECF No. 5), without prejudice to a later application.

**SO ORDERED.**

Dated: New York, New York
October 27, 2026

Stewart d. Aaron

STEWART D. AARON
United States Magistrate Judge